UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| LOZARO CORRAL, ) | |
| ) | |
| Petitioner, ) | Civil No. 6:18-cv-00116-GFVT |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| J.A. BARNHART, Warden, ) | **&** |
| ) | **ORDER** |
| Respondent. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Petitioner Lozaro Corral is a federal inmate currently incarcerated at the Federal Correctional Institution ("FCI")-Manchester in Manchester, Kentucky. Proceeding without counsel, Mr. Corral has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1.] This matter is before the Court to conduct the initial screening required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

**I**

In November 2013, pursuant to a plea agreement with the United States, Mr. Corral pled guilty in the United States District Court for the Northern District of Illinois to two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). In April 2014, Mr. Corral was sentence to a term of imprisonment of 70 months on each count, to run consecutively to each other, for a total term of imprisonment of 140 months. *United States v. Corral*, No. 1:12-cr-440-1 (N.D. Ill. 2012).

Mr. Corral appealed his conviction and sentence to the United States Court of Appeals for the Seventh Circuit. The Seventh Circuit affirmed, rejecting Mr. Corral's arguments that the trial court did not properly consider his family circumstances and "overrepresented" his criminal history in determining Mr. Corral's sentence. *United States v. Corral*, 592 F. App'x 519, 520 (7th Cir. 2015). The Seventh Circuit noted that Mr. Corral's appellate claim was, in essence, a disagreement with the trial court's application of the sentencing factors in 18 U.S.C. § 3553(a), which is an issue of substantive reasonableness. *Id*. at 521. The Seventh Circuit then found that the trial court weighed the appropriate factors and reached a reasonable conclusion before imposing Mr. Corral's within-guideline sentence, and, accordingly, Mr. Corral's sentence was affirmed. *Id*.

Mr. Corral has now filed a § 2241 petition in this Court, identifying four grounds for relief. [R. 1.] He first argues that his counsel, Alexander M. Salerno, was ineffective during his plea and sentencing in violation of the Sixth Amendment. In his brief submitted in conjunction with his petition, he claims that Mr. Salerno failed to object to an alleged miscalculation of the Sentencing Guidelines by the trial court, failed to file proper grounds for appeal, failed to file a petition for a writ of certiorari with the United States Supreme Court, failed to file a petition for relief under 28 U.S.C. § 2255, and was ineffective for counseling Mr. Corral to "sign paper to waive habeas corpus," which Mr. Corral says he signed without understanding.[1] [R. 1-2 at p. 1-2] His petition also alleges that Mr. Salerno passed away before filing Mr. Corral's petition for

---

[1] Although a copy of Mr. Corral's waiver is not before the Court (thus the Court is unable to assess its scope at this time), if Mr. Corral did, in fact, waive his right to collaterally attack his conviction or sentence via a habeas petition, this waiver is enforceable and would apply to proceedings under § 2241, including this one. *Slusser v. United States*, No. 17-5070, --- F.3d ---, 2018 WL 3359112, at *2 (6th Cir. July 10, 2018)("It is well-settled that a knowing and voluntary waiver of a collateral attack is enforceable.")(citation omitted); *Moser v. Quintana*, No. CV 5: 17-386-DCR, 2017 WL 5194507, at *2 (E.D. Ky. Nov. 9, 2017), *aff'd*, No. 17-6421 (6th Cir. June 21, 2018); *Rivera v. Warden, FCI, Elkton*, 27 F. App'x 511, 515 (6th Cir. 2001); *Solis-Caceres v. Sepanek*, No. 13-21-HRW, 2013 WL 4017119, at *3 (E.D. Ky. Aug. 6, 2013) (collecting cases).

relief under 28 U.S.C. § 2255, thus denying him the opportunity to timely file a § 2255 petition within the one-year statute of limitations. [R. 1 at p. 6-7]

Next, Mr. Corral argues that the trial court's imposition of consecutive sentences violates his due process rights under the Fifth and Fourteenth Amendments of the Constitution, as well as his "right to be tried under a perfect indictment" under the Sixth Amendment and his right to be free from double jeopardy. [R. 1 at 7.] The allegations of Mr. Corral's petition and brief in support are somewhat confusing and disjointed, but he seems to argue that, although he concedes that he had a prior felony conviction for second-degree murder, the trial court erred in considering other prior convictions in imposing a "career enhancement" of consecutive, rather than concurrent, sentences on the two counts for which he was convicted. [R. 1-2 at 3–6.]

His third and fourth claims allege due process and double jeopardy violations based on his argument that the trial court miscalculated Mr. Corral's offense level under U.S.S.G. § 2K2.1(a). [R. 1 at 7–8.] In addition, in his brief in support of his petition, Mr. Corral also argues that he is entitled to relief because no one told him that he would be given a consecutive sentence if he pled guilty and the trial court never explained his right to a jury trial. [R. 1 at 9.]

## II

Mr. Corral's claims raised in his § 2241 petition are simply not the kind which may be pursued under § 2241. A § 2241 petition may typically only be used as a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). A federal prisoner who instead wishes to challenge the legality of his conviction or sentence must file a motion under § 2255. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). A § 2241 petition may not be used for this purpose because

it does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

The "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to this prohibition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). Establishing that the § 2255 remedy is inadequate or ineffective is a high burden for a petitioner to meet, as "[t]he circumstances in which § 2255 is inadequate and ineffective are narrow." *See Peterman*, 249 F.3d at 461. A motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (holding that § 2241 is available "only when a structural problem in § 2255 forecloses even one round of effective collateral review ..."). In other words, prisoners cannot use a habeas petition under § 2241 as yet another "bite at the apple." *Hernandez*, 16 F. App'x at 360.

Rather, to properly invoke the savings clause, the petitioner must be asserting a claim that he is "actual innocent" of the underlying offense by showing that, after the petitioner's conviction became final, the Supreme Court re-interpreted the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012) (citing *Peterman*, 249 F.3d at 461-62); *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255."). The Supreme Court's newly-announced interpretation must, of course, be retroactively applicable to cases on collateral review. *Wooten*, 677 F.3d at 308.

4

Here, Mr. Corral's claims presented in his § 2241 petition do not rely on any such Supreme Court decision announcing a new, retroactively applicable rule of statutory construction. Rather, Mr. Corral's claims – including his ineffective assistance of counsel claim, his claims of due process and double jeopardy violations, and his claim that the trial court improperly imposed consecutive sentences – are claims of ordinary trial error and/or constitutional claims which could have and must have been pursued on direct appeal or in an initial motion under § 2255. *Cf. Mallard v. United States*, 82 F. App'x 151, 153 (6th Cir.2003); *Jameson v. Samuels*, 555 F. App'x 743, 746 (10th Cir. 2014). Indeed, to the extent that Mr. Corral's petition argues that the trial court "miscalculated" his applicable sentencing guideline range, he has already raised a similar argument on appeal, which was considered and rejected by the Seventh Circuit. *Corral*, 592 Fed. Appx. at 521.

Mr. Corral suggests that he should be able to proceed in a § 2241 proceeding via the "savings clause" of § 2255(e) because his criminal attorney, Alexander M. Salerno, passed away before filing Mr. Corral's petition for relief under 28 U.S.C. § 2255, thus denying Mr. Corral the opportunity to timely file a § 2255 within the one-year statute of limitations. [R. 1 at 6–7.] He also states that, while his attorney was working on his appeal, Mr. Corral was not notified in time to file a § 2255 petition or motion in a timely manner. [R. 1 at 8.] However, while these circumstances are unfortunate, the expiration of the one-year limitations period provided by § 2255(f) does not render a motion under § 2255 "inadequate or ineffective." *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999).

Finally, although his arguments are not entirely clear, in his brief submitted in support of his petition, Mr. Corral suggests that he also seeks to challenge the enhancement of his sentence, invoking the United States Supreme Court's decision in *Mathis v. United States*, 136 S.Ct. 2243 (2016). However, to the extent that Mr. Corral suggests that his sentence was improperly

5

"enhanced" via the imposition of consecutive sentences, the decidedly narrow scope of relief under § 2241 applies with particular force to challenges not to convictions, but to the sentence imposed. *Peterman*, 249 F.3d at 462; *Hayes*, 473 F. App'x at 502 ("The savings clause of section 2255(e) does not apply to sentencing claims."). In *Hill v. Masters*, 836 F. 3d 591 (6th Cir. 2016), the Sixth Circuit articulated a very narrow exception to this general rule, permitting a challenge to a sentence to be asserted in a § 2241 petition, but only where (1) the petitioner's sentence was imposed when the Sentencing Guidelines were mandatory before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005); (2) the petitioner was foreclosed from asserting the claim in a successive petition under § 2255; and (3) after the petitioner's sentence became final, the Supreme Court issued a retroactively applicable decision establishing that—as a matter of statutory interpretation—a prior conviction used to enhance his or her federal sentence no longer qualifies as a valid predicate offense. *Hill*, 836 F. 3d at 599-600.

Mr. Corral's petition does not fall into any of these categories. Mr. Corral was sentenced in 2014, well after the Supreme Court's decision in *Booker*. Moreover, as discussed above, he has not been foreclosed from asserting his claims in a successive petition under § 2255. Instead, he simply missed the deadline to do so.

Finally, Mr. Corral does not rely on a retroactively applicable Supreme Court decision establishing that a prior conviction used to enhance his sentence no longer qualifies as a valid predicate offense. Indeed, his challenge is not based on *Mathis* at all, as he is not challenging the use of a prior conviction to enhance his sentence but is instead challenging the trial court's decision to run his sentences consecutively rather than concurrently (which he refers to as an "enhancement"). However, this is a decision is well within the trial court's discretion. *See* 18 U.S.C. § 3584(a). To the extent that Mr. Corral argues that the trial court abused its discretion,

6

this is a claim of ordinary trial error which, as previously explained, must have been pursued on direct appeal or in an initial motion under § 2255. Indeed, the Seventh Circuit has already reviewed the trial court's imposition of Mr. Corral's within-guideline sentence and found that Mr. Corral's sentence is reasonable. *Corral*, 592 Fed. Appx. at 521.

### III

For all of these reasons, Corral may not rely on the "savings clause" of § 2255(e) to authorize his § 2241 petition. Thus, his petition will be denied. Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Petitioner Lozaro Corral's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [**R. 1**] is **DENIED**;

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket; and

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This 27th day of July, 2018.

Gregory F. Van Tatenhove
United States District Judge